RICHARD W. LOCKWOOD *vs.* JOSEPH EDWARDS.

DECEMBER 17, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J. This is an action of the case in assumpsit.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the plaintiff's evidence the justice, on motion of the defendant, nonsuited

the plaintiff. The case is before us upon the plaintiff's exception to the nonsuit and also upon his exceptions to certain rulings of the justice upon the admission of evidence.

It appears from the transcript of evidence that the plaintiff and defendant are journeyman carpenters, that they entered into an oral agreement, which each in his testimony called a partnership, to do the carpentry on a house in the village of Apponaug, and also to build a house on a houselot belonging to the defendant in the village of Auburn. They agreed that the latter house should be sold when completed and from the purchase price the defendant was to be allowed five hundred dollars for the houselot. Throughout the trial the business in question was treated by the parties, the court and counsel as a partnership transaction. Such it was, though clearly not a general partnership, but a joint adventure for a special limited purpose in which the parties were to divide the losses and share the profits. We will hereafter in this opinion, however, refer to the transaction as a partnership.

Before the commencement of this suit the work, for which the partnership had been formed, was completed. In accordance with the agreement the defendant bought all the materials used in the two houses, received the contract price for the work at Apponaug, sold and received the purchase money for the house and lot at Auburn and paid in full all the creditors of the partnership. We think it should be found from the evidence that after the payment of all the partnership debts the defendant rendered to the plaintiff a statement of account of the money received by the defendant, in the partnership transaction, and the amount which he had expended for materials. This account showed that, as far as the money of the partnership received and expended by the defendant was concerned, the plaintiff was entitled to receive from the defendant the sum of $483.91 on account of the house at Apponaug and $798.50 on account of the house at Auburn, in all the sum of $1,282.41; that the plaintiff had from time to time during the progress of the work

on the houses received from the defendant sums of money amounting to $715; and that as to this part of the partnership transaction the plaintiff was at the time of the accounting entitled to receive from the defendant the sum of $567.41. At this accounting the correctness of the defendant's statement was admitted by the plaintiff. The defendant then claimed that the amount due from him to the plaintiff should be reduced by the sum of $88. for use of the defendant's automobile in the partnership business. Although the whole of this charge was deducted from his share, the plaintiff assented to the claim, and agreed to take $479.41 in full settlement of the account. The defendant then demanded that this sum of $479.41 should be reduced by $100 which the defendant claimed as a commission for selling the house and lot at Auburn. The plaintiff refused to allow this latter claim of the defendant, unless the plaintiff also should be allowed the sum of $100. for drawing the plans for the Auburn house, which plans he testified were prepared entirely by him. According to the evidence before the Superior Court the only disagreement between the parties arose from the defendant's claim of a commission for selling the Auburn house. In an amended bill of particulars filed in the case the plaintiff included certain items for materials and tools remaining after completing the work of the partnership. He did not, however, claim anything because of these materials and tools at the accounting, and in his direct evidence he did not refer to them. In cross-examination he was asked in regard to this amended bill of particulars, but it is plain that the items therein are not insisted upon by the plaintiff as the basis of any claim which he makes against the defendant. They have no part in the dispute between the parties. Plaintiff's counsel explicitly stated a number of times at the trial in the Superior Court that the plaintiff accepted the defendant's statement of account as correct and only disputed the defendant's claim for commission.

The justice nonsuited the plaintiff upon the ground that the plaintiff's claim was for money due him from the de-

fendant by reason of the partnership transactions, as to which there had not been a complete accounting and a promise by the defendant to pay the plaintiff a specific sum; that the plaintiff's evidence showed a dispute as to the amount due the plaintiff still existing between the parties; and that therefore the controversy was not cognizable in an action at law but could only be considered in a proceeding in equity for an accounting.

The general rule undoubtedly is that where there are debts due a partnership or claims in its favor still outstanding, or there has been no settlement between the parties of their reciprocal rights as partners, an action at law does not furnish a proper tribunal for the determination of the rights of one partner against another with respect to partnership transactions. The relation between partners is in its nature fiduciary. Furthermore, until there has been a settlement of the partnership account and an express or implied promise from one partner to the other resulting from the settlement, a partner's claim is against the partnership and not against his fellow partner. From these considerations, although a partnership has been dissolved, its debts paid and assets collected, if the parties have not agreed upon a settlement of the partnership account there are technical objections which have been urged at times to an action at law by one partner against another to obtain such settlement. A practical and the principal objection, however, is based upon the inconvenience of a proceeding at law in most instances. This court said in *Dowling* v. *Clarke*, 13 R. I. 134: "A jury is not fitted for the adjudication of an unliquidated and controverted partnership account involving numerous transactions." In that case in assumpsit the declaration showed that the account involved "divers matters," and the court sustained demurrer to the declaration. When the reason for the rule based on inconvenience does not exist American courts have shown a liberal tendency, and if the matters involved would not render a settlement difficult have permitted an action at law to be maintained rather than to

compel the parties to resort to a bill for an account of partnership transactions. Such has been the effect of the decisions of this court. In *Fry* v. *Potter*, 12 R. I. 542, the court held that in the circumstances of that case, which related to a particular adventure that had been closed, assumpsit might be maintained by the executor of one partner against another to receive a share of the losses of the transaction without proof that the partners had settled the account, found the amount of the defendant's indebtedness, and that the defendant had promised to pay it. This case was affirmed in *Atherton* v. *Goldsmith*, 22 R. I. 376, which also related to an agreement to share the gains and losses of a particular venture. In *Fry* v. *Potter*, 12 R. I. 542, the court cited as a precedent for its action the case of *Buckner* v. *Ries*, 34 Mo. 357, which case held that when only one item remained unadjusted between the parties the matter might be settled in an action at law without resort to a bill for the settlement of the partnership account. In *Ledford* v. *Emerson*, 140 N. C. 288, the court held that when the partnership had terminated, the debts had been paid and nothing remained to be done but adjust the rights of the partners, an action at law might be maintained by one partner against another, when the unadjusted matters consisted of one item or even several items presenting no complications. Other cases approving a departure from the general rule are: *Mason* v. *Sieglitz*, 22 Colo. 320, at 326; *Wright* v. *Cumpsty*, 41 Pa. St. 102; *Pettingill* v. *Jones*, 28 Kan. 749; *Wheeler* v. *Arnold*, 30 Mich. 304. The Massachusetts courts have shown a very liberal tendency upon this question. *Williams* v. *Henshaw*, 11 Pick. 79 and cases following it.

The case at bar falls within the exceptions to the general rule referred to in the cases cited. The agreement between the parties was not for a general partnership but for a particular venture. The business of the firm was completed, all claims in its favor had been collected and the bills against it had been paid. The defendant held the balance in his

hands. The plaintiff and the defendant had agreed as to the amount of the plaintiff's share in that balance, and the defendant became a debtor to the plaintiff for that amount save only as that amount should be affected by the defendant's further claim of a commission of one hundred dollars for selling the house at Auburn and the plaintiff's claim of one hundred dollars for drawing plans, which latter claim the plaintiff agreed to waive if the defendant did not insist upon his commission. In our opinion these two related matters which alone are in dispute between the parties may well be submitted to the determination of a jury in an action in assumpsit, and do not require that the parties should be sent to a cumbersome suit in equity for an accounting of the partnership transactions.

The plaintiff's claim on the alleged promise of the defendant to reimburse him for a suit case destroyed by fire, and the alleged implied promise of the defendant to pay the plaintiff for certain plans in the defendant's possession do not appear to relate to partnership accounts. If that is so, the plaintiff should be permitted to establish such claims, if he can, in this action at law. If they do properly relate to partnership accounts then they are covered by the plaintiff's waiver in the Superior Court and in this court of all claims against the partnership or the defendant except the balance shown in plaintiff's favor on the account rendered by the defendant and the plaintiff's conditional claim for drawing plans.

The questions involved in the plaintiff's exceptions to rulings of the justice on the admission of evidence are similar to those considered in the exception to the granting of the nonsuit. They do not require particular discussion. In each case the objection of the plaintiff is justified.

All the plaintiff's exceptions are sustained. The case is remitted to the Superior Court for a new trial.

*Charles R. Easton*, for plaintiff.
*William H. McSoley*, for defendant.